IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| FLORA HOI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-00214-O-BP |
| § | |
| CHANG KUO-HUA, *et al.,* § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On January 27, 2022, *pro se* plaintiff Flora Hoi ("Hoi") filed a complaint against Defendants in the United States District Court for the District of Delaware. ECF No. 1. The case was transferred to this Court on November 30, 2022. ECF No. 32. Because Hoi paid the filing fee (ECF Nos. 1, 39), she was responsible for serving Defendants with a summons and copy of the complaint in this case within ninety days as provided by Rule 4(c) of the Federal Rules of Civil Procedure. The docket reflects that Hoi did not serve Defendants Chang Kuo-Hua, Ko Lee-Ching, Tai Jiin-Chyuan, Sun Chia-Ming, Liao Chi-Wei, Chien You-Hsin, Hsu Shun-Hsiung, Wu Chung-Pao, Ho Ching-Sheng, Hsu Hui-Sen, Chen Yao-Min, Hsiao Chin-Lung, and Tsai Ta-Wei ("Defendants") by the deadline.

The undersigned *sua sponte* extended the deadline for Hoi to serve the named Defendants for an additional thirty days. ECF No. 56. Accordingly, the Court ordered Hoi to serve Defendants against whom she wished to proceed with a summons and copy of the amended complaint in this case (ECF No. 17-1) **on or before May 8, 2023.** ECF No. 56**.** The Court reminded Hoi that if she did not serve Defendants with process by the deadline, the undersigned would recommend to United States District Judge Reed O'Connor that the Court dismiss such Defendants from this case without prejudice pursuant to Rule 4(c). *Id.* To date, Hoi has neither provided proof of prior proper service nor effectuated proper service on Defendants.

Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the court. *Id.* 4(l)(1). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for her failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. *Id.* 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017). "A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for h[er] failure to effect service in compliance with the rules." *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

A plaintiff may not serve the summons and complaint herself. The Federal Rules of Civil Procedure provide that "[a]ny person who is at least 18 years old and ***not a party*** may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Additionally,

> [u]nless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . .

Fed. R. Civ. P. 4(e)(1).

Under Texas Rule of Civil Procedure 103, "***no person who is a party to or interested in the outcome of a suit*** may serve any process . . . ." Tex. R. Civ. P 103 (emphasis added). Rule 103 also lists a variety of persons who may serve process. *Id.* Furthermore, the "officer or authorized person to whom process is delivered shall endorse thereon the day and hour on which

he received it, and shall execute and return the same without delay." Tex. R. Civ. P. 105. Unless service is made in another matter ordered by the court, the citation shall be:

> served by any person authorized by Rule 103 by (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

Tex. R. Civ. P. 106(a)(1)-(2). *See also* Tex. R. Civ. P. 107(a)-(h) (how to effectively return service). In cases where the defendant is absent from Texas or a non-resident of the state, Rule 108 provides that the form of notice to the defendant is the same, and "such notice may be served **by any disinterested person** who is not less than eighteen years of age" as provided under Rule 106. Tex. R. Civ. P. 108 (emphasis added).

Hoi has neither served process on Defendants in a timely fashion under Federal Rule of Civil Procedure 4 nor has she filed a proof of service with the Court. Additionally, she did not show cause why the Court should not dismiss his case against Defendants for failing to serve process as ordered. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS without prejudice** Hoi's claims against Defendants Chang Kuo-Hua, Ko Lee-Ching, Tai Jiin-Chyuan, Sun Chia-Ming, Liao Chi-Wei, Chien You-Hsin, Hsu Shun-Hsiung, Wu Chung-Pao, Ho Ching-Sheng, Hsu Hui-Sen, Chen Yao-Min, Hsiao Chin-Lung, and Tsai Ta-Wei under Fed. R. Civ. P. 4(m) for failure to timely serve process.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates

3

by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on May 16, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE