IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FLORA HOI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00214-O-BP |
| | § | |
| CHANG KUO-HUA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendant EVA Airways Corporation's Renewed Motion to Dismiss and Brief in Support, filed March 16, 2023. ECF Nos. 45, 46. This case was transferred to this division and then automatically referred to the undersigned pursuant to Special Order 3. ECF Nos. 32, 39. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case for failure to state a claim upon which relief can be granted. The undersigned further **RECOMMENDS** that Judge O'Connor's dismissal be **WITHOUT PREJUDICE**.

## I.    BACKGROUND

The Court has liberally construed the Complaint filed by Flora Hoi ("Hoi"), and it appears that she sues her former employer, EVA Airways Corporation ("EVA"), for violating the Sarbanes-Oxley Act, 18 U.S.C. § 1514, and for age discrimination. ECF No. 1 at 8, 11, 25-27. Additionally, she refers to other statutory definitions implying actionable claims for forced labor, fraud in foreign labor contract, obstruction of federal proceedings, and violation of the National Emergencies Act (50 U.S.C. § 1601) and the Robert Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. § 5121). *See* ECF No. 1 at 11, 24, 25, 27, 28.

Hoi formerly worked for EVA as an assistant manager at its Dallas branch office for approximately twenty-two years. *Id.* at 11. Due to the COVID-19 pandemic, EVA laid off part of its United States-based workforce, including Hoi, in March 2021. *Id.* at 13. Despite these facts, Hoi's Complaint makes incomprehensible claims unrelated to any kind of wrongful termination or retaliation cause of action. *See* ECF No. 1. She purportedly brings an "ex rel proceeding" on her own behalf as well as on behalf of EVA due to authorization and permission from the United States Equal Employment Opportunity Commission ("EEOC") and pursuant to "certain individual liability" under the Sarbanes-Oxley Act. *Id.* at 8-9. However, nowhere in the body of the Complaint or its attachments does Hoi allege that she ever was an officer of EVA or a member of its board of directors. *See* ECF No. 1. Hoi offers no facts to show that she can bring a claim on behalf of EVA. Likewise, at no point does Hoi articulate a viable cause of action or present facts for the Court to liberally construe one. *See* ECF No. 1.

EVA filed its Renewed Motion to Dismiss and Memorandum in Support on March 16, 2023 requesting dismissal with prejudice. ECF Nos. 45, 46. The undersigned ordered Hoi to respond to EVA's Motion on or before April 7, 2023 and cautioned her that if she did not file a response, the Court could rule on the Motion without it. ECF No. 47. To date, Hoi has not responded to EVA's Motion, and it is ripe for review.

## II.  LEGAL STANDARD

### A.  Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12 authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When examining the complaint to ascertain whether it presents a claim for which relief can be granted, courts must

constrain their analysis to the pleadings alone. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

"'However inartfully pleaded,' *pro se* complaints must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Whether represented by counsel or appearing *pro se*, plaintiffs must still present specific facts, rather than conclusory allegations, to avoid a Rule 12(b)(6) dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id.* Although "detailed factual allegations" are not necessary, plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To satisfy Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing *Twombly*, 550 U.S. at 556). Conversely, a complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A claim lacks an arguable basis in fact "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**B.      Opportunity to Amend Standard**

There is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit recommends suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings, "unless it is clear that the defects are incurable." *Great Plains Tr. Co.*, 313 F.3d at 329. An "incurable defect" may arise when a complaint's facts are "not actionable as a matter of law." *Taubenfeld v. Hotels.com*, 385 F. Supp. 587, 592 (N.D. Tex. 2004).

When a case involves a *pro se* party, courts are to liberally construe the pleadings, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally-construed *pro se* ... complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988). However, if the court determines that the plaintiff has pleaded his or her best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

### III.   ANALYSIS

#### A.   Hoi does not state a claim for which relief can be granted.

EVA argues that the Complaint contains passing references to a multitude of statutes, but does not articulate a coherent legal claim capable of satisfying Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6); ECF No. 46 at 5-6. It acknowledges that the Court must accord Hoi's *pro se* Complaint more lenient scrutiny than pleadings that lawyers drafted. ECF No. 46 at 7; *Haines*, 404 U.S. at 520. But it insists that no amount of liberal construction could yield factual allegations or a viable legal claim. ECF No. 46 at 7.

The Complaint lacks an arguable basis in law because the facts alleged are "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton*, 504 U.S. at 32-33. Thus, Hoi's claims are frivolous. *Brewster*, 587 F.3d at 767. Judge O'Connor should dismiss this case for failure to state a claim on which relief can be granted.

##### 1.   Hoi does not allege a cognizable claim under the Sarbanes-Oxley Act.

The Sarbanes-Oxley Act provides protection against retaliation to whistleblowers who engage in protected activity. To state a claim under the Act, Hoi must allege that she (1) "engaged in a protected activity;" (2) "[t]he respondent knew or suspected that [she] engaged in the protected activity;" (3) "[she] suffered an adverse action;" and (4) "[t]he circumstances were sufficient to raise the inference that the protected activity was a contributing factor in the adverse action." 18 U.S.C. § 1514(A)(a)(1); *see Wallace v. Tesoro Corp.,* 796 F.3d 468, 476 (5th Cir. 2015).

Hoi mentions mail fraud in the Complaint, but it is unclear whether she claims that she was a whistleblower as to EVA's alleged mail fraud. Liberally construing the Complaint to raise such a claim, the Court recognizes that reporting mail fraud to an employer would be a protected activity under the statute. *Id.* Mail fraud occurs when a person engages in a scheme to defraud another and

5

uses the mail as a component of that scheme. *See Allen v. Admin. Review Bd.,* 514 F.3d 468, 477 (5th Cir. 2008). The two elements required to show mail fraud are: (1) devising or intending to devise a scheme to defraud (or to perform specified fraudulent acts), and (2) using the mail for the purpose of executing, or attempting to execute, the scheme (or specified fraudulent acts). *United States v. McClelland,* 868 F.2d 704, 706 (5th Cir. 1989).

      EVA argues that the Complaint lacks any factual allegations to support a whistleblower claim under the Act. ECF No. 46 at 7-8. Although Hoi includes the statutory definition of mail fraud, she does not allege any facts sufficient to show mail fraud or retaliation under the Sarbanes-Oxley Act. *Id.* at 8; *see* ECF No. 1 at 9-10. In addition, she does not state any facts to show that she ever made a protected complaint about mail fraud, or that EVA was aware of any purported protected activity. *See* ECF No. 1. Finally, she does not state facts to show that any protected report of wrongdoing played a part in her being laid off from her job.

      Hoi has not alleged facts to show either a scheme to defraud or the use of the mail system. 18 U.S.C. § 1341. Her only references to mail fraud appear to be based on EVA's posting of a cargo sales position in a newspaper advertisement published after her layoff. *Id.* at 26. There are no facts to show that this posting was fraudulent. Further, even if she had reported the "fraud" to the authorities as required under Sarbanes-Oxley's anti-retaliation provision, the posting that Hoi referenced was published in August 2021, six months after EVA notified her that she was laid off, so it could not possibly form the basis of any protected activity that would have contributed to her termination. *See* ECF No. 1 at 13, 26. Because Hoi did not plead facts to show that she met any of the elements required under the Sarbanes-Oxley Act, Judge O'Connor should dismiss her claim.

      Further, Hoi states that she brings her Complaint "ex rel" on behalf of her employer, EVA. *Id.* at 8. The Sarbanes-Oxley Act provides a private right of action for individuals to bring claims

against their employer if they suffer retaliation for engaging in protected activity. *See* 18 U.S.C. § 1514A. However, the Act does not permit such a claim by an entity such as EVA against its board of directors or other persons or entities. Even if the Act provided for such a derivative claim, Hoi has not pleaded any facts to show that she had authority to act on behalf of EVA. Accordingly, Judge O'Connor also should dismiss Hoi's "ex rel" retaliation claim.

### 2. Hoi does not provide any facts to allege a claim for age discrimination.

The Complaint mentions the Age Discrimination in Employment Act ("ADEA") and the Older Workers Benefits Protection Act ("OWBPA"), but it is unclear whether Hoi seeks relief under either act. ECF No. 1 at 15-16. EVA seeks dismissal if she does so. ECF No. 46 at 9.

The only fact stated in the Complaint possibly related to an age-based discrimination claim is the following: "the corporate managerial supervisory issued the complainant layoff letter which is record evidence burden proof recklessness disregard vicious defile federal law [OWBPA] compliance on its face." ECF No. 1 at 15-16. However, Hoi has not alleged any facts to support a claim for age discrimination, and Judge O'Connor should dismiss any such claim. The Court likewise should dismiss any "ex rel" age discrimination claim that Hoi might assert on behalf of EVA since only an individual can bring an age discrimination claim against her employer, not an entity against the members of its board of directors, other persons, or entities. *See Stults v. Conoco, Inc.,* 76 F.3d 651, 655 (5th Cir. 1996) (Neither Title VII nor the ADEA allow individual liability against employees or supervisors).

### 3. Hoi's remaining allegations do not establish a plausible claim under any law or regulation.

The Complaint contains statutory definitions of forced labor (18 U.S.C. § 1589), fraud in foreign labor contract (18 U.S.C. § 1341), obstruction of federal proceedings (18 U.S.C. § 1505), the National Emergencies Act (50 U.S.C. §1601), and the Robert Stafford Disaster Relief and

7

Emergency Assistance Act (42 U.S.C. § 5121), all without further explanation or factual support. ECF No. 1. Liberally construed, these statutory references are conclusory and do not state any facts to support a claim under those statutes. Accordingly, dismissal is necessary. *See Guidry,* 954 F.2d at 281.

> **B. Dismissal without prejudice is appropriate because Hoi has not pleaded her best case.**

The Complaint contains incoherent allegations and comments unrelated to any cause of action or legal claim. Hoi does not state any facts to support a retaliation claim under the Sarbanes-Oxley Act or a discrimination claim under the ADEA or OWBPA. Her Complaint provides legal definitions and conclusions, but none of the allegations satisfy the Rule 12(b)(6) requirements. The facts as presented do not allow the Court to reasonably infer any misconduct by EVA. District courts often allow *pro se* plaintiffs the opportunity to cure any pleading deficiencies before dismissing a case with prejudice. *Griggs v. Hinds Junior College,* 563 F.2d 179, 180 (5th Cir. 1977). Although Judge O'Connor should dismiss her Complaint, Hoi only has filed an original complaint. She did not seek leave to file an amended complaint after the undersigned struck her amended pleading filed without leave. *See* ECF No. 62. The undersigned recommends that she receive one more opportunity to file an amended complaint that pleads her best case. *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* No. 3:96-cv-2923, 2004 WL 789870, at *1 (N.D. Tex. Apr.12, 2004).

## IV. CONCLUSION

Because Plaintiff Flora Hoi has not pleaded facts that state a cause of action, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this action. Since it is not clear that Plaintiff has pleaded her best case, Judge O'Connor should dismiss the Complaint **WITHOUT PREJUDICE** to Hoi's right to file an amended complaint that addresses the legal

deficiencies noted in these findings, conclusions, and recommendations within fourteen days of his order on these findings, conclusions, and recommendations or such other date as his order provides.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on June 27, 2023.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

9